FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LOGAN SHARPE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES FEDERAL HIGHWAY ADMINISTRATION,<br><br>　　　　　　Defendant. | NO. 2:24-CV-0045-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 6). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 6) is GRANTED.

## BACKGROUND

This matter arises out of a Freedom of Information Act ("FOIA") request propounded on the Defendant, the United States Federal Highway Administration ("FHWA") by Plaintiff. FHWA represents that Plaintiff made several separate

ORDER GRANTING DEFENDANT'S MOTION TO DIMISS ~ 1

requests for correspondence production.  The first was September 5, 2023, in which Plaintiff submitted a FOIA request to FHWA employee Christopher Richardson seeking "[a]ll emails, texts, Teams, or Zoom messages and any and all other written communications between [Mr. Richardson] and . . . (1) Nicolle Fleury (2) Rayann Speakman, and (3) Jack Gilbert," from January 2022 until present.  ECF No. 1 at 8.  On September 6, 2023, Plaintiff requested from FHWA employee Rayann Speakman all the emails, Microsoft Teams messages, cellphone text messages, and audio or video recordings she had created from January 2022 until present.  *Id*.  On September 7, 2023, the FHWA FOIA office informed Plaintiff that the emails he sent to Mr. Richardson and Ms. Speakman did not constitute proper requests.  *Id*. at 9.  After several additional exchanges, Plaintiff's final clarification, sent on October 23, 2023, was for "all emails and Microsoft Teams messages between Christoper Richardson and Nicolle Fleury from January 1, 2022, until present."  *Id*. at 6.  On December 6, 2023, Defendant responded to Plaintiff's request to appeal the decision that the email exchanges did not constitute proper FOIA requests.  *Id*. at 8.  Defendant explained that the request was still impermissibly untenable for FHWA to process, and Plaintiff's keywords including "dot.gov" did not provide any clarification given that the agency is made up of

ORDER GRANTING DEFENDANT'S MOTION TO DIMISS ~ 2

55,000 employees who all carry the same domain.[1]  *Id*. at 9.  Therefore, Plaintiff was unable to appeal the decision because Defendant had not yet accepted his emails as a valid FOIA request.  *Id*.

Plaintiff seeks injunctive relief, requesting the Court decide his October 23, 2023, email constitutes a valid FOIA request.  *Id*. at 4.  Defendant filed a motion to dismiss, arguing that Plaintiff is not entitled to relief because he has yet to send a proper FOIA request.  ECF No. 6.  Plaintiff responded, stating he has a valid FOIA request because his emails reasonably described the records sought.  ECF No. 7.

**DISCUSSION**

Defendant filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a

---

[1] Defendant also including another keyword, either "a" or "@," but the Court is unable to discern which given the grainy nature of the document.

ORDER GRANTING DEFENDANT'S MOTION TO DIMISS ~ 3

1  motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d
2  1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the plaintiff
3  must provide "more than labels and conclusions, and a formulaic recitation of the
4  elements." *Twombly*, 550 U.S. at 555.  Instead, a plaintiff must show "factual
5  content that allows the court to draw the reasonable inference that the defendant is
6  liable for the alleged misconduct." *Iqbal*, 556 U.S. 662.  A district court is
7  permitted to consider materials attached to the complaint when deciding a motion
8  to dismiss without converting it into a motion for summary judgment.  *United*
9  *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (internal citations omitted).
10        Congress enacted FOIA "to pierce the veil of administrative scrutiny and to
11  open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425
12  U.S. 352, 361 (1976).  When an agency receives a request for records eligible for
13  disclosure that "reasonably describes" what is sought, the agency is required to
14  provide the records.  5 U.S.C. § 552(a)(3)(A).  A request is sufficient in reasonably
15  describing the records sought when it "enable[s] a professional employee of the
16  agency who was familiar with the subject area of the request to locate the record
17  with a reasonable amount of effort." *Marks v. U.S. (Dep't of Just.)*, 578 F.2d 261,
18  263 (9th Cir. 1978) (internal citations omitted).  Further, an agency need only
19  make "reasonable efforts" to search for electronic records.  5 U.S.C. §
20  552(a)(3)(C).  While FOIA favors disclosure, broad sweeping requests lacking

1  specificity are not permitted.  *Yagman v. Pompeo*, 868 F.3d 1075, 1081 (9th Cir.

2  2017); *Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002); *see also Inst. for Just.*

3  *v. Internal Revenue Serv.*, 941 F.3d 567, 570 (D.C. Cir. 2019) ("FOIA requires

4  agencies to disclose all non-exempt data points . . . subject, as always, to limits

5  aimed at protecting agencies from undue burdens."). Included in this calculus of

6  reasonableness is the post-search burden placed upon the agency to sift through

7  materials, and courts have held that overbroad or vague requests that bury agencies

8  are not reasonable.[2] *Ctr. for Immigr. Stud. v. U.S. Citizenship & Immigr. Servs.*,

9  628 F. Supp. 3d 266, 272 (D.D.C. 2022); *Yagman,* 868 F.3d at 1081 ("Here,

10  Defendants would need to engage in quite a bit of guesswork to execute Yagman's

11  request. His request does not identify specific persons, much less specific

12  documents, types of documents, or types of information."); *cf. Shapiro v. Cent.*

13  *Intel. Agency*, 170 F. Supp. 3d 147, 154 (D.D.C. 2016) (holding that a search for

14  all documents mentioning Nelson Mandela, involved virtually no guesswork, and

---

[2] However, just because a request would produce a great deal of documents does not make it *per se* unreasonable. *See Yagman*, 868 F.3d 1075, 1081 n. 6 (9th Cir. 2017) (quoting *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) ("[T]he number of records requested appears to be irrelevant to the determination whether they have been 'reasonably described.'").

ORDER GRANTING DEFENDANT'S MOTION TO DIMISS ~ 5

therefore the subject matter of the search was reasonably described).

Plaintiff asserts that he is not seeking *all* documents concerning a particular subject, but therein lies the problem. ECF No. 7 at 4. His FOIA request is flawed because it lacks any limiting subject matter and cannot be said to "reasonably describe" the information sought. Plaintiff insists that his request is focused in nature, because he narrowed the scope of the search to emails and Microsoft Teams messages exchanged between two employees within nearly two-year period. *Id*. However, it still unclear what general subject matter Plaintiff hopes to uncover from this request, and Defendant informed him that as stated, his request does not particularize the search as 55,000 employees utilize the "dot.gov" domain. ECF No. 1 at 9. Plaintiff could have solved this problem by providing FHWA with a general idea of what he was searching for and was invited to do so. *Yeager v. Drug Enf't Admin*., 678 F.2d 315, 326 (D.C. Cir. 1982) ("It is clear in this case that the DEA knew 'precisely' which of its records had been requested and the nature of the information sought from those records."); ECF No. 1 at 9. He declined to do so, and instead chose to litigate. *Id.* at 6.

To place a finer point, the request is not unduly burdensome because it will require a detailed search of the records, but because it creates a burden on Defendant to comb through documents that may not ultimately be responsive to whatever Plaintiff's desired research point may be. *Ctr. for Immigr. Stud*., 628 F.

ORDER GRANTING DEFENDANT'S MOTION TO DIMISS ~ 6

Supp. at 273 ("Workplace emails include conversations between coworkers about miscellaneous topics and missives from the employer about topics unrelated to official business, like canned food drives and health care plans. The Center's requests sweep in all those communications, despite their irrelevance to immigration, forcing the agency into years of work."). FOIA was not designed to provide the requester with an "all-encompassing fishing expedition of files in every office within an agency." *Cause of Action Inst. v. IRS*, 253 F. Supp. 3d 149, 160 (D.D.C. 2017). While Plaintiff's request cannot be characterized as searching for "every file within an agency" as he has limited the individuals and timeframe regarding the records he is seeking, his request is still incredibly broad, and he provides no narrowing agent with which Defendant can use to conduct a search. This is not to suggest that Plaintiff must express exactly what he is looking for, but providing the agency with the ability to focus the scope in order to produce a more fruitful search would be a proper FOIA request. *Ctr. for Immigr. Stud.,* 628 F. Supp. 3d at 272 ("Agencies respond to FOIA requests at taxpayer expense, and burdensome requests hinder an agency's ability to respond to other FOIA requests and to conduct its other statutory responsibilities."). The Court finds that Plaintiff's email is impermissibly vague, and therefore does not constitute a proper FOIA request.

    Plaintiff also faults Defendant for replying on December 6, 2023, to an

ORDER GRANTING DEFENDANT'S MOTION TO DIMISS ~ 7

October 23, 2023, email sent at 7:02 p.m. and an October 25, 2023, request, sent at an unknown time. ECF No. 1 at 3, 6. He contends that this response is outside of the statutorily mandated thirty business day period. 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B). By the Court's calculation, including Veterans Day which was federally recognized on Friday, November 10, 2023, and Thanksgiving Day on November 23, 2023, Defendant's response was within the thirty business days period, and therefore timely.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice.

2. Any pending motions are **DENIED** as moot.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **CLOSE** the file.

DATED May 8, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DIMISS ~ 8