FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LOGAN SHARPE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES FEDERAL HIGHWAY ADMINISTRATION,<br><br>　　　　　　Defendant. | NO. 2:24-CV-0045-TOR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration. ECF No. 10. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Reconsideration (ECF No. 10) is DENIED.

**DISCUSSION**

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

1 | Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,
2 | 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is
3 | presented with newly discovered evidence, (2) committed clear error or the initial
4 | decision was manifestly unjust, or (3) if there is an intervening change in
5 | controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*,
6 | 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion
7 | for reconsideration is within the sound discretion of the court. *Navajo Nation v.*
8 | *Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th
9 | Cir. 2003).

A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Evidence available to a party before it files its opposition is not "newly discovered evidence" warranting reconsideration of summary judgment. See *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

Here, Plaintiff has identified non-material discrepancies in the Court's

ORDER DENYING MOTION FOR RECONSIDERATION ~ 2

1  Order. Additionally, Plaintiff cites to non-binding caselaw for his argument.

2  Plaintiff could have solved this problem by providing FHWA with a general

3  idea of what he was searching for and was invited to do so. *Yeager v. Drug Enf't*

4  *Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982). He declined to do so, and instead

5  chose to litigate.

6  **ACCORDINGLY, IT IS HEREBY ORDERED:**

7  Defendant's Motion for Reconsideration (ECF No. 10) is **DENIED.**

8  The District Court Executive is directed to enter this Order and furnish

9  copies to the parties. The file remains **CLOSED**.

10  DATED May 22, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION ~ 3