FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LOGAN SHARPE,<br>Plaintiff,<br>v.<br>UNITED STATES FEDERAL HIGHWAY ADMINISTRATION,<br>Defendant. | NO. 2:24-CV-0045-TOR<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Second Motion to Dismiss (ECF No. 41). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 41) is GRANTED IN PART.

**BACKGROUND**

Plaintiff, proceeding *pro se*, alleges an ongoing pattern and practice violation. A detailed history of the case is set forth in the Court's previous Orders.

ECF No. 39. Plaintiff alleges Defendant participates in an ongoing FOIA violation because Defendant applies an arbitrary and capricious practice of requiring subject matter identifiers such as topic and narrowing agents for FOIA requests. ECF No. 40 at 7-8.

Previously, the Court found that Plaintiff's Amended Complaint did not confer subject matter jurisdiction under *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086 (9th Cir. 2016) because Plaintiff failed to allege a FOIA violation. ECF No. 39. The Court dismissed Plaintiff's Amended Complaint without prejudice and leave to amend. ECF No. 39 at 13. After the Court dismissed Plaintiff's Complaint, Plaintiff filed a Second Amended Complaint. ECF No. 40. On May 18, 2026, Defendant moved to dismiss. ECF No. 37.

**DISCUSSION**

Plaintiff states that Defendant misunderstood his claim. ECF No. 38 at 1. Plaintiff clarifies the relief is for prospective declaratory and injunctive relief to stop Defendant from engaging in an ongoing practice in violation of FOIA under *Hajro*. ECF No. 38 at 1; *Harjo*, 811 F.3d at 1102-03. Defendant states that Plaintiff's claim does not meet the first prong under *Harjo* and he failed to remedy the previous defects. ECF No. 37.

After reviewing Plaintiff's Second Amended Complaint, Plaintiff did not provide additional facts that remedy the issues the Court established in its previous

dismissal. Instead, Plaintiff argues the same theory and same facts that the Court previously addressed. As a result, the Court must dismiss Plaintiff's Second Amended Complaint for the same reasons stated in ECF No. 39.

**OPPORTUNITY TO AMEND**

A court may not dismiss a *pro se* complaint before providing the *pro se* party "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively" unless amendment to the complaint could not cure the issues. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citations omitted).

Plaintiff failed to correct his Amended Complaint after the Court provided leave to amend. Plaintiff's Second Amended Complaint does not have any viable claims that confer subject matter jurisdiction. Plaintiff takes issue with FOIA procedures, and it does not appear that Plaintiff can effectively amend his Second Amended Complaint to allege a viable claim. Therefore, the Court will not grant leave to amend.

/

/

/

/

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 41) is **GRANTED.** Plaintiff's Second Amended Complaint is **DISMISSED without prejudice** and **without leave to amend.**

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel and Plaintiff, and **CLOSE** the file.

DATED August 24, 2026.

THOMAS O. RICE
United States District Judge